Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 50179 | **DATE** | 11/8/2004 |
| **CASE TITLE** | SPENCE vs. PHOENIX | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendants' motion to dismiss is denied. Plaintiffs are given 21 days to file a more definite statement as to reformation and specific performance as discussed above. The parties are ordered to appear before Magistrate Judge Mahoney within 30 days to arrange for mediation of this case through the court's mediation program.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | |
|---|---|
| ☐ No notices required, advised in open court. | |
| ☐ No notices required. | number of notices |
| X Notices mailed by judge's staff. | 11-9-04 date docketed |
| ☐ Notified counsel by telephone. | |
| ☐ Docketing to mail notices. | docketing deputy initials |
| ☐ Mail AO 450 form. | 11-9-04 date mailed notice |
| ☐ Copy to judge/magistrate judge. | |
| /SEC  courtroom deputy's initials | DW mailing deputy initials |
| Date/time received in central Clerk's Office | |

Document Number: 16

# MEMORANDUM OPINION AND ORDER

Plaintiffs Spence Group Services, Inc. ("Services"), William R. Spence and Pamela McLamore-Spence brought action in the Circuit Court of McHenry County, Illinois, against defendants Phoenix Home Life Insurance ("Phoenix"), Centera Partners ("Centera") and John D. Dennison ("Dennison"). Defendants removed this action to federal court based on diversity jurisdiction. 28 U.S.C. § 1332 (a) (1). William and Pamela are citizens of Illinois. Services is a Delaware corporation with its principal place of business in Illinois. Phoenix is a New York corporation with its principal place of business in Connecticut. Dennison is a citizen of Wisconsin. Centera is a limited liability company whose sole member is Dennison and thus is a citizen of Wisconsin for diversity purposes. The amount in controversy exceeds $75,000. Plaintiffs' first amended complaint alleges thirteen counts; seven counts against Phoenix, four counts against Centera and four counts against Dennison. The counts are based on fraud, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505, and negligent misrepresentation. Plaintiffs seek damages, punitive damages and the equitable remedies of reformation and specific performance against Phoenix. Plaintiffs seek damages and punitive damages against Centera and Dennison.

Defendants move to dismiss plaintiffs' first amended complaint, in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6) and 9(b) asserting plaintiffs fail to state a ripe case or controversy due to no current injury, fail to plead fraud with the required specificity, fail to identify what language in the contract should be reformed, and fail to identify in what way defendants can specifically perform the contract. For the purposes of this motion, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the plaintiff. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1428 (7th Cir. 1996).

Dennison is an insurance producer who is Phoenix's agent appointed by Phoenix to "sell and service" its life insurance policies and products." Centera is "owned and/or controlled by Dennison" and Dennison is Centera's employee. Dennison "held himself out as a knowledgeable and competent individual in the field of life insurance and securities and as such indicated to plaintiffs that he would procure a tax-free, second-to-die, split dollar life insurance policy for plaintiffs in the amount of $20,000,000." "Beginning in late 2000 . . . Dennison repeatedly misrepresented to plaintiffs that the Phoenix Life Policy was a tax-free, second-to-die life insurance policy." "Since that time," Dennison and Phoenix have informed plaintiffs the policy is not "tax-free and. . . [is] subject to substantial estate tax consequences." On or about December 28, 2000, plaintiffs purchased "a second-to-die life insurance policy" from Phoenix as "a direct and proximate result" of Dennison's misrepresentations. Plaintiffs are the individuals about whom the "second-to-die" determination for paying the insurance policy is based. Plaintiffs are alive and "have paid and continue to pay premiums" for the policy.

A motion to dismiss pursuant to Fed. Rule Civ. P. 12(b)(6) does not test whether the plaintiff will prevail on the merits, but instead whether the plaintiff has properly stated a claim for which relief may be granted. Pickrel v. City of Springfield, Ill., 45 F.3d 1115, 1118 (7th Cir. 1995). The complaint does not need to specify the correct legal theory to survive a Fed. R. Civ. P. 12(b)(6) motion, provided that "relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992).

Defendants argue that plaintiffs' first amended complaint should be dismissed as a matter of law because the complaint fails to state a ripe case or controversy. Defendants state that plaintiffs' first amended complaint does not claim an injury plaintiffs "have suffered or are currently suffering"; rather, plaintiffs base their claim on an "alleged injury that might possibly occur at some point in the future." Plaintiffs counter that their complaint "sets forth quantifiable damages and current injuries that include, but are not limited to, costs of the premiums for the [p]olicy, attorneys' fee and a tax liability of up to $10 million dollars".

For a claim to be ripe, plaintiffs must show that the alleged injury has occurred. Nepomoceno v. Knights of Columbus, 1999 WL 66570 at 7 (N.D.Ill. 1999) (citing In re Prudential Ins. Co. of America, 962 F.Supp. 450, 506 (D.N.J. 1997), aff'd, 148 F.3d 283 (3rd Cir. 1998), cert. denied, 67 U.S.L.W. 3364 (1999)) (Anderson, J.). See also, Sierra Club v. Marita, 46 F.3d 606, 610 (7th Cir. 1995) (discussing ripeness, standing and injury). Plaintiffs have alleged they have paid and are paying premiums on a policy which is not what they bargained for. While the possible $10,000,000 tax liability is clearly speculative at this point (the insureds are still alive and we do not know what the estate tax, which currently is slated for repeal in 2010 only to be reinstituted in 2011, will be on their death), a fair reading of their complaint is that they contracted for a policy that would yield no estate tax if they died immediately after its effective date and that they did not get that. This is enough to survive a motion to dismiss.

Counts I, V, and VIII allege Phoenix, Dennison and Centera, respectively, engaged in fraudulent conduct. Counts II, and IX allege Phoenix and Centera, respectively, violated the Consumer Fraud and Deceptive Business Practices Act. Fed. Rule Civ. P. 9(b) requires that fraud claims be pleaded with particularity. Similarly, "claims made pursuant to the Illinois Consumer Fraud Act must be plead with specificity" in accordance with the requirements of Fed. Rule Civ. P. 9(b). Gallagher Corp. v. Mass. Mutual Life Ins. Co., 940 F.Supp. 176, 180 (N.D.Ill 1996) (Moran, J.). "The purpose . . . of the heightened pleading requirement . . . is to force the plaintiff to do more than the usual investigation before filing his complaint" because "charges of fraud . . . frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships." Ackerman v. Northwestern Mutual Life Ins. Co., 172 F.3d 467, 469 (7th Cir. 1999). Thus, to meet the pleading requirements, plaintiffs must state "the identity of the person making the misrepresentation, the time, place and content of the misrepresentation, and the method by which the misrepresentation was communicated." Gallagher Corp., 940 F. Supp. at 180. While the complaint lacks specificity as to dates and specific statements made by Dennison, and the court could order plaintiffs to re-plead, such an order is unlikely to advance the resolution of this case. Plaintiffs have stated Dennison told them in the period leading up to their purchase of the policy that the proceeds would not be subject to the estate tax. Defendants presumably can deny Dennison ever made such a statement in their answer.

Counts I, II, and III seek the remedy of reformation based on fraud, violation of the Consumer Fraud and Deceptive Business Practices Act and negligent misrepresentation. Defendants contend that the claims for reformation should fail because the first amended complaint does not identify what language in the contract should be reformed. It is difficult to see how reformation could help plaintiffs and they do not say specifically what's wrong with the policy as written. Rather than dismissal, the court orders plaintiff to file a more definite statement within 21 days specifying how the language of the contract should be reformed. See Fed. R. Civ. P. 12 (e).

Count IV of plaintiffs' complaint seeks specific performance of the "contract offered by Dennison on behalf of Phoenix". To plead a request for specific performance, plaintiffs must allege the existence of a valid contract, that plaintiffs performed or were ready, willing and able to perform their part of the contract, and that defendants refused to perform their part of the contract. American Nat'l Bank and Trust Co. of Chi., v. Allmerica Financial Life Ins. and Annuity Co., 2003 WL 1921815, 5 (N.D.Ill. 2003) (Grady, J.). It is difficult to see how specific performance applies here. Plaintiffs ask that the contract they thought they were getting be specifically performed but they do not offer an specifics as to what should be done to achieve the sought for tax free status. Rather than dismissal, the court orders plaintiff to file a more definite statement within 21 days specifying what specific action needs to be taken for defendants to perform the contract. See Fed. R. Civ. P. 12 (e).[1]

For the foregoing reasons, defendants' motion to dismiss is denied. Plaintiffs are given 21 days to file a more definite statement as to reformation and specific performance as discussed above. The parties are ordered to appear before Magistrate Judge Mahoney within 30 days to arrange for mediation of this case through the court's mediation program.

---

[1] The court notes that surviving a motion to dismiss is not a reflection on the strength of plaintiffs' case. The use of a split dollar insurance arrangement and a consideration of the estate and income tax consequences of such an arrangement in an estate plan would appear to require reliance on a legal opinion. Plaintiffs' claim that it was reasonable for them to rely on an insurance producer to properly effectuate this part of their estate plan, particularly when it involves a $20,000,000 insurance policy with a $15,000 monthly premium, would seem to face an uphill challenge.